Deena M. **VOLPE,** Plaintiff,

v.

US AIRWAYS, INC., etc., Defendant.

No. 98–109–CIV–J–21C.

United States District Court,
M.D. Florida,
Jacksonville Division.

Dec. 10, 1998.

Alexandra K. Hedrick, Jacksonville, FL, for Plaintiff.

Patrick D. Coleman, Jacksonville, FL, Tom A Jerman, Washington, DC, for Defendant.

### *ORDER*

CORRIGAN, United States Magistrate Judge.

This case is before the Court on Plaintiff's Motion to Compel Sexual Harassment Inves-

tigation Materials and Request for Fees Related to Motion (Doc. # 18), to which defendant has filed a response in opposition (Doc. # 24) and to which plaintiff has filed a reply (Doc. # 32). Related to this motion is Plaintiff's Motion to Strike Response to Motion to Compel (Doc. # 28), to which defendant is also opposed (Doc. # 31). The Court held oral argument on December 3, 1998.

In this employment discrimination action based on alleged sexual harassment, the issue is whether plaintiff is entitled to the production of the complete file, including the investigator's notes and other materials, related to defendant, US Airways, Inc.'s, internal investigation of plaintiff's sexual harassment complaints which investigation predated this lawsuit. Defendant has produced the final report of its internal investigation but resists producing the investigator's notes and other materials which form the basis of that report.

Defendant's sole basis for declining to produce these documents is the claim that they are protected from disclosure by the so-called "self-critical analysis privilege" or some variant thereof. Plaintiff says that by failing to specifically raise this privilege in its response to document requests, defendant has waived the privilege. Plaintiff also contends that the self-critical analysis privilege is inapplicable under these facts. Because the Court's decision rests on another ground, the undersigned declines to determine whether defendant's failure to specifically raise the self-critical analysis privilege in its responses to plaintiff's document requests constituted a waiver of the privilege. The Court also declines the parties' invitation to undertake a thorough analysis of the parameters of the self-critical analysis privilege. Rather, the Court determines that, by relying on its internal investigation as an affirmative defense to liability, defendant has waived any privilege to protect the documents which comprise the internal investigation.

Plaintiff's thirteenth affirmative defense, as elucidated by defendant's answers to the Court's standard Interrogatories, demonstrates that defendant intends to rely upon the internal investigation and subsequent remedial action to avoid liability. At argument, defendant acknowledged this but stated that plaintiff was, nevertheless, only entitled to production of the final investigative report and not to the underlying investigative materials. However, if defendant intends to rely on the investigation as a defense, plaintiff is entitled to test the *bona fides* of the investigation. The underlying investigative materials are reasonably calculated to lead to the discovery of admissible evidence. Therefore, without deciding whether any privilege necessarily applies to the investigative materials, the Court determines that defendant has waived any applicable privilege by asserting that the investigation and subsequent remedial action insulates defendant from liability for the alleged sexual harassment.[1]

The Court is not unsympathetic to defendant's concern that producing the investigator's notes will make plaintiff, still a US Airways employee, privy to candid comments made by her co-workers (who were told that their comments would be kept confidential) about matters which may or may not relate to this lawsuit. However, this is simply an unfortunate by-product of this litigation and cannot outweigh plaintiff's entitlement to legitimate discovery. Moreover, the Court has previously entered a Confidentiality Order (Doc. # 17) which the Court will expect plaintiff to scrupulously honor. Contrary to the suggestion made by defendant at the hearing, the Court will not limit review of the documents to the attorney for plaintiff only, believing that, in almost all cases, a requirement that an attorney not share information relevant to the client's case with the client to be unworkable.[2]

---

1. Plaintiff's reply (Doc. # 32 at 3) cites cases for the general proposition that a party relying on an investigation as an affirmative defense to liability waives any privilege with respect to that liability. While none of plaintiff's cited cases specifically hold that a claim of self-critical analysis privilege is waived in these circumstances, the Court is satisfied that the principles of these cases are applicable here.

2. The Court considered whether to require an *in camera* review of the investigative notes to determine whether certain irrelevant portions could be redacted. However, defendant's counsel forthrightly advised the Court that, because of

Finally, though it is a close question, the Court will not award any fees or expenses to plaintiff under Fed.R.Civ.P. 37(a)(4), finding that defendant was proceeding in good faith and that the issues defendant raised were at least fairly debatable. The Court is also influenced by the fact that defendant was attempting to honor a promise made to the employees who were interviewed during the investigation that their comments would remain confidential. Even though the Court has determined that this is a promise that defendant cannot keep (and perhaps should not have made), I do not fault defendant for attempting to honor its commitment. I find that these "circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(4). It is hereby

**ORDERED:**

1. Plaintiff's Motion to Compel Sexual Harassment Investigation Materials (Doc. # 18) is **GRANTED** to the extent that no later than **December 23, 1998,** defendant should produce to plaintiff all documents relating to the internal investigation by defendant of the sexual harassment claims made by plaintiff.[3]

2. Plaintiff's Motion to Strike Response to Motion to Compel (Doc. # 28) is **DENIED.**

3. Plaintiff's request for sanctions in the form of fees and expenses is **DENIED.**

---

the number of "grey areas" in the notes, such an *in camera* review would not be feasible. Thus, the Court has determined to require full production of the notes.

3. At argument, it seemed clear that defendant knows what needs to be produced under the Court's Order and it is not necessary for the Court to review and rule on each document request relating to this matter, many of which are duplicative and overlapping.